FLORENCE E. MURPHY, respondent,

*v.*

HARRY L. POWERS, appellant.

[Decided June 14th, 1920.]

On appeal from the court of chancery advised by Vice-Chancellor Foster.

*Messrs. Wilson & Smock* and *Mr. Maximilian T. Rosenberg,* for the appellant.

*Mr. Charles F. Sexton* and *Mr. Joseph O. Skinner,* for the respondent.

PER CURIAM.

The bill in' this case was filed to foreclose a purchase-money mortgage given by the defendant, Powers, to one Florence A. Hazard, and assigned by her to the complainant. The validity of the mortgage is not disputed, but the defendant by his answer sought to set off the value of certain personal property which Mrs. Hazard contracted to sell and deliver to him at the same time she conveyed to 'him the real estate for which the purchase-money mortgage was given in part consideration, averring that the purchase-money paid at the time of the execution of the conveyance was not only for the land conveyed, but also for this personal property. The learned vice-chancellor before whom the case was heard (as well as counsel on both sides) assumed that the value of this personal property could be properly set off in a foreclosure suit, but concluded after an examination and consideration of the testimony submitted in support of, and in refutation of the defendant's claim, that he had not made it out by a preponderance of the evidence, and for this reason advised

a decree in favor of the complainant for the full amount of her mortgage with interest.

Our examination of the case satisfies us that the decree appealed from should be affirmed. We refrain from expressing any opinion upon the question whether, under the fifth section of our "Act concerning set-offs" (*Comp. Stat. p. 4836*), damages resulting from the breach of a contract for the sale of personal property can be made the subject of a set-off in a suit for foreclosure of a mortgage. For the purpose of disposing of this appeal we have assumed that the view of the learned vice-chancellor upon this phase of the case is sound, and concur with him in the conclusion that the defendant has failed to prove the set-off upon which he relies.

The decree will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON—13.

*For reversal*—None.